IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| David Wright, Sr., | ) | Case No. 8:17-cv-02805-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| M. Travis Bragg, R. Harsany, H. | ) | |
| Hansen, Mr. Brown, S. K. Brosier, Dr. | ) | |
| Berrios, Dr. J. Onuoha, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendants' Motion to Dismiss. ECF No. 49.

Plaintiff filed a Response in Opposition. ECF No. 55. In accordance with 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United

States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and

Recommendation ("Report"). On February 6, 2019, the Magistrate Judge issued a Report

recommending that the Motion to Dismiss be granted. ECF No. 57. The Magistrate Judge

advised Plaintiff of the procedures and requirements for filing objections to the Report

and the serious consequences if he failed to do so. Plaintiff filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts and the relevant legal standards, which the Court incorporates by reference. Plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, 1346(b); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126. The Magistrate Judge recommends granting Defendant's Motion with respect to all claims.[1]

As an initial matter, Plaintiff does not object to the Magistrate Judge's recommendation that his IACA claim should be dismissed, that his demands for equitable relief should be dismissed as moot, that his *Bivens* claims should be dismissed against all Defendants in their official capacities on the basis of sovereign immunity, or that Defendants are entitled to qualified immunity. The Court has reviewed the record, applicable law, and Report of the Magistrate Judge for clear error; finding none, the Court

---

[1] Plaintiff states in his objections that he was not provided sufficient time to complete his objections and requests an additional 14 days to respond to the Report. The Court issued a text order allowing Plaintiff additional time. ECF No. 61. Plaintiff failed to file additional objections.

adopts these recommendations of the Magistrate Judge. The Court will now turn to Plaintiff's objections.

### *FTCA*

The Magistrate Judge recommends dismissal of Plaintiff's FTCA claim because federal prisoners cannot recover under the FTCA for work-related injuries. She states that the IACA provides the exclusive remedy for Plaintiff's injury and any claim for negligence resulting from the injury. ECF No. 57. Plaintiff asserts that his claim is allowed to proceed under the FTCA because the allegedly inadequate medical care that followed his work-related injury created a new injury. He contends the Court erred in refusing to allow him to amend his claim[2] and that the Magistrate Judge misconstrued the nature of his allegations. Plaintiff states that Defendants' failure to treat his left-shoulder conditions, and not the burns on his rights arm, was the main focus of his Complaint.

After a thorough review of the record, applicable law, and the Magistrate Judge's Report, the Court agrees with the Magistrate Judge's recommendation. The IACA is the exclusive remedy against the United States for federal inmates' claims of work-related injuries. 28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act. Recovery under the Inmate Accident Compensation procedure was declared

---

[2] It does not appear that Plaintiff requested to amend his complaint; however, Docket Entry Number 1 has been updated several times as Plaintiff has submitted additional documents.

. . . to be the exclusive remedy in the case of work-related injury." (internal citations omitted)).

Moreover, the IACA is the exclusive remedy for negligent treatment of federal prisoners' work-related injuries. *Wooten v. U.S.*, 825 F.2d 1039, 1044 (6th Cir. 1987) ("Section 4126 is also the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials or when the injury stems from a negligent job assignment." (internal citations omitted)). Accordingly, to the extent that Plaintiff alleges that Defendants' negligence was to blame for his initial injuries or for the exacerbation of those injuries due to inadequate medical treatment, such claims are subject to the provisions of the IACA, not the FTCA. Accordingly, Plaintiff's objections are overruled with respect to this claim.

### Bivens

Plaintiff asserts that the Magistrate Judge erred in finding that the medical care he received was merely negligent and contends that Defendants were deliberately indifferent to his serious medical needs. However, as previously stated, Plaintiff failed to object to the Magistrate Judge's qualified immunity analysis as to his constitutional claims. Thus, although the Court agrees with the Magistrate Judge's conclusion that these claims should be dismissed, it need not analyze the merits of Plaintiff's *Bivens* claim in light of his failure to object to the Magistrate Judge's qualified immunity analysis. As stated above, the Court has reviewed that portion of the Report for clear error and found none. Accordingly, Plaintiff's objections are overruled with respect to this claim.

*Appointment of Counsel*

Plaintiff states that he objects to the denial of his request for appointment of counsel. There is no constitutional right to appointed counsel in a civil case, *Whisenant v.Yaum*, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989), but this Court may exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); *see Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). However, the Fourth Circuit has stated that counsel should be appointed only in exceptional circumstances, which "will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (internal quotation marks omitted) (quoting *Whisenant*, 739 F.2d at 163). The pleadings and documents filed in this case fail to demonstrate exceptional circumstances exist warranting the appointment of counsel at this stage in the proceedings. Accordingly, the plaintiff's objection is overruled.

## **CONCLUSION**

Therefore, based on the foregoing, the Court adopts the recommendation of the Magistrate Judge. Defendant's Motion to Dismiss [49] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 19, 2019
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.