IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Wright, Sr., ) | Case No. 8:17-cv-02805-DCC |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| P.A. H. Hanson, Dr. Berrios, Dr. J. Onouha, Luis Negron, Dr. Cherrie Smith, Dr. DeCoco, United States of America, ) | |
| Defendants. ) | |

This matter is before the Court upon review of Plaintiff's Amended Complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On September 27, 2019, the Magistrate Judge issued a Report recommending that Plaintiff's claim against the United States of America pursuant to the Federal Tort Claims Act ("FTCA") be dismissed. ECF No. 81. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report. ECF No. 83.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts and procedural history of this action, which the Court incorporates by reference.

The Magistrate Judge recommends dismissal of Plaintiff's FTCA claim because federal prisoners cannot recover under the FTCA for work-related injuries. She states that the Inmate Accident Compensation Act ("IACA") provides the exclusive remedy for Plaintiff's injury and any claim for negligence resulting from the injury. ECF No. 81. Plaintiff asserts that his claim is allowed to proceed under the FTCA because the allegedly inadequate medical care that followed his work-related injury created a new injury.

After a thorough review of the record, applicable law, and the Magistrate Judge's Report, the Court agrees with the Magistrate Judge's recommendation. The IACA is the exclusive remedy against the United States for federal inmates' claims of work-related injuries. 28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort

Claims Act. Recovery under the Inmate Accident Compensation procedure was declared . . . to be the exclusive remedy in the case of work-related injury." (internal citations omitted)).

Moreover, the IACA is the exclusive remedy for negligent treatment of federal prisoners' work-related injuries. *Wooten v. U.S.*, 825 F.2d 1039, 1044 (6th Cir. 1987) ("Section 4126 is also the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials or when the injury stems from a negligent job assignment." (internal citations omitted)). Accordingly, to the extent that Plaintiff alleges that Defendants' negligence was to blame for his initial injuries or for the exacerbation of those injuries due to inadequate medical treatment, such claims are subject to the provisions of the IACA, not the FTCA.

In his objections, Plaintiff contends that he is alleging that Defendants acted intentionally and this claim should be allowed to proceed under the FTCA. Even if the Court were to agree with him, Plaintiff has failed to file an expert affidavit with his Complaint, which is "a mandatory prerequisite to the filing of a malpractice claim against the United States under the FTCA in this District." *Frederick v. United States*, No. 2:15-cv-2699-MGL-BM, 2016 WL 1317528, at *6 (D.S.C. Mar. 14, 2016) (collecting cases), *Report adopted by* 2016 WL 1301270 (D.S.C. Apr. 4, 2016). Furthermore, the Court finds Plaintiff's claims do not fit within the "common knowledge"[1] exception to South Carolina

---

[1] *See* S.C. Code Ann. § 15-36-100(C)(2) ("The contemporaneous filing requirement of subsection (B) is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and

3

Code Section 15-36-100's affidavit requirement, as resolution of the claims requires expertise of an expert witness. Accordingly, Plaintiff's objections are overruled.

Plaintiff requests appointment of counsel. There is no constitutional right to appointed counsel in a civil case, *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989), but this Court may exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); *see Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). However, the Fourth Circuit has stated that counsel should be appointed only in exceptional circumstances, which "will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (internal quotation marks omitted) (quoting *Whisenant*, 739 F.2d at 163). The pleadings and documents filed in this case fail to demonstrate exceptional circumstances exist warranting the appointment of counsel at this stage in the proceedings. Accordingly, Plaintiff's request is denied.

## **CONCLUSION**

Therefore, Plaintiff's FTCA claim is **DISMISSED**. The United States is dismissed as a Defendant from this action.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.

---

experience, so that no special learning is needed to evaluate the conduct of the defendant.").

4

United States District Judge

January 17, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.